UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENOCH EDWARDS,

            Plaintiff,        Civil Action No. 17-13265
                                  Honorable David M. Lawson
                                  Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [10, 11]

Plaintiff Enoch Edwards ("Edwards") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (Docs. #10, 11), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons set forth below, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Edwards is not disabled under the Act. Accordingly, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #11**) be **GRANTED**, Edwards' Motion for Summary Judgment (**Doc. #10**) be **DENIED**, and that pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be **AFFIRMED**.

**II.     REPORT**

    **A.     Background**

Edwards filed prior applications for DIB and SSI on July 9, 2010. (Tr. 12). On January 23, 2012, ALJ G.B. Arthur issued a written decision denying those applications. (Tr. 74-80).

Edwards then filed new applications for DIB and SSI on October 21, 2014, alleging disability as of April 26, 2014. (Tr. 168-80). At the time of that alleged onset date, Edwards was 52 years old. (Tr. 197). He had completed high school but had no further education. (Tr. 33, 203). Edwards has prior work history as a security guard, laborer, and parking lot attendant, but he stopped working in April 2014 because of his medical conditions. (Tr. 33-35, 202-03). He alleges disability primarily as a result of back pain, depression/paranoia, and drug addiction/alcoholism (both of which are in remission). (Tr. 37-38, 42, 202).

After Edwards' 2014 applications for DIB and SSI were denied at the initial level on December 2, 2014 (Tr. 108-15), he timely requested an administrative hearing, which was held on March 22, 2016, before ALJ Ramona Fernandez (Tr. 28-60). Edwards, who was represented by attorney Karen Morgan, testified at the hearing, as did vocational expert LuAnn Castellana. (*Id.*). On September 8, 2016, the ALJ issued a written decision finding that Edwards is not disabled under the Act. (Tr. 10-22). On September 1, 2017, the Appeals Council denied review. (Tr. 1-5). Edwards timely filed for judicial review of the final decision on October 5, 2017. (Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Edwards' medical record, Function and Disability Reports, and testimony as to his conditions and resulting limitations. Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### B. The ALJ's Application of the Disability Framework Analysis

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

3

Following this five-step sequential analysis, the ALJ found that Edwards is not disabled under the Act. At Step One, the ALJ found that Edwards has not engaged in substantial gainful activity since April 26, 2014 (the alleged onset date). (Tr. 13). At Step Two, the ALJ found that he has the severe impairments of degenerative disc disease of the lumbar spine, schizoaffective disorder, and alcohol dependence in recent remission. (*Id.*). At Step Three, the ALJ found that Edwards' impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (*Id.*).

The ALJ then assessed Edwards' residual functional capacity ("RFC"), concluding that he is capable of performing light work, with the following additional limitations: requires unskilled work with simple instructions and a specific vocational preparation ("SVP") rating of 1 or 2 that involves only routine changes; only brief and superficial contact with coworkers and supervisors; and no interaction required with the general public. (Tr. 15).

At Step Four, the ALJ found that Edwards is not capable of performing any of his past relevant work. (Tr. 20). At Step Five, the ALJ determined, based in part on testimony provided by the vocational expert in response to hypothetical questions, that Edwards is capable of performing the jobs of housekeeper/cleaner (225,000 jobs nationally), small parts assembler (218,000 jobs), and sorter/inspector (300,000 jobs). (Tr. 21). As a result, the ALJ concluded that Edwards is not disabled under the Act. (Tr. 22).

### C. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact

unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

**D.    Analysis**

In his motion for summary judgment, Edwards advances – albeit in a cursory manner –

three arguments: (1) that the ALJ erred in failing to obtain medical records from one of his primary care physicians, Dr. Walker; (2) that the ALJ's RFC finding is not supported by substantial evidence; and (3) that the ALJ erred in declining to employ a non-mechanical application of the age categories.[1] (Doc. #10 at 6-9). Each of these arguments is addressed below.

### 1. Remand is Not Required Because Dr. Walker's Records Were Not Obtained

Edwards first points to a letter from his attorney to the ALJ, dated July 28, 2016 (several months after the March 2016 administrative hearing in this case), stating:

> My office has tried several times to get all the outstanding medical records. We have not had any luck in getting those records. Dr. Walker has moved from his office and I have not been able to locate his new address. When we call the number we have for him the recording says the office is closed. Please advise me on what you would like to do at this time in regards to this information that I have given you. Thank you.

(Tr. 262). In his motion, Edwards suggests that the ALJ was required to obtain these records because his attorney apparently was unable to do so. (Doc. #10 at 7, 9). But, the law is clear that "the ALJ did not have a special duty to develop the record because [the claimant] was represented by counsel" before the ALJ. *Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013); *see also Woelk v. Comm'r of Soc. Sec.*, 2014 WL 2931411, at *2 (E.D. Mich. June 30, 2014) ("[W]here, as here, the claimant was represented by counsel, the ALJ may

---

[1] In her response brief, the Commissioner argues that Edwards' arguments are all waived as a matter of law, as they "do not contain any citation to case law, statute, regulation, Social Security Ruling, or any other legal authority …." (Doc. #11 at 5-6). Indeed, as the Commissioner notes, Edwards is essentially asking this Court to "supply any and all legal authority to salvage his arguments" (*Id.* at 6), which the Court is not required to do. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal quotations omitted). Nevertheless, out of an abundance of caution, the Court will proceed to address the merits of Edwards' arguments.

6

ordinarily rely on counsel to present the claimant's case and to develop his claims."). Moreover, even if the ALJ had such a duty, Edwards has not even argued – let alone demonstrated with any reasonable degree of certainty – that there were steps the ALJ could have taken to locate Dr. Walker's records that would have been more fruitful than his own attorney's failed efforts. Indeed, counsel's letter states that multiple attempts to obtain Edwards' records had been unsuccessful, and no address or other contact information for Dr. Walker could be located. (Tr. 262). Thus, where Edwards has not shown that the ALJ could have successfully obtained Dr. Walker's records, or that these records would have somehow affected the ALJ's ultimate disability determination, remand is not warranted. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires [a court] to remand a case in quest of a perfect [ALJ] opinion unless there is reason to believe that the remand might lead to a different result.").[2]

### 2. *The ALJ's RFC Finding is Supported by Substantial Evidence*

As set forth above, the ALJ determined that Edwards has the RFC to perform light work, with the following additional limitations: requires unskilled work with simple instructions and a SVP rating of 1 or 2 that involves only routine changes; only brief and superficial contact with coworkers and supervisors; and no interaction required with the general public. (Tr. 15). In his

---

[2] In Edwards' reply brief, after the Commissioner cited case law clearly establishing that the ALJ had no special duty to develop the record because he was represented by counsel, Edwards asserted – for the first time – that the agency was required to obtain these medical records *at the initial review level*, before he retained counsel. (Doc. #12 at 2). As an initial matter, this argument is waived because it was not set forth in Edwards' opening brief. *See Davis v. Comm'r of Soc. Sec.*, 2018 WL 1150243, at *4 (E.D. Mich. Mar. 5, 2018) ("Generally, new arguments or issues are waived when they are raised for the first time in a reply brief."). Moreover, this Court is reviewing *the ALJ's decision*, not the initial administrative decision denying Edwards' claim; thus, his argument that the agency erred in failing to obtain Dr. Walker's records at the initial level is not properly before the Court. *See* 42 U.S.C. § 405(g) ("Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing … may obtain a review of such decision by a civil action ….").

motion, Edwards argues that this RFC finding fails to account for all of his physical and mental limitations. (Doc. #10 at 6-9). The Court disagrees.

To begin with, the ALJ thoroughly explained the rationale for her RFC determination, discussing and citing the evidence of record that relates to the limitations she imposed. (Tr. 15-19). With respect to Edwards' physical RFC, the ALJ specifically discussed the June 2015 lumbar spine x-rays that Edwards references in his motion (Doc. #10 at 7), noting that they showed moderate to severe disc space narrowing at L5-S1 and moderate disc space narrowing at L4-L5 (Tr. 16 (citing Tr. 362)). The ALJ then noted, however, that despite these findings, the record contains no evidence whatsoever of any functional abnormality on clinical examination (such as an antalgic gait, reduced strength, or limited range of motion), nor is there any record of treatment for back pain. (Tr. 16). It was reasonable for the ALJ to discount Edwards' assertions of disabling back pain on these bases. *See, e.g., Soc. Sec. Rul. 16-3p*, 2016 WL 1119029, at *7 (Mar. 16, 2016); *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011) (ALJ may discount allegations of disability in part due to conservative nature of treatment).

In the face of the evidence cited by the ALJ, other than pointing to the x-ray results discussed above, Edwards merely asserts that he "complained of back pain to his mental health treater on 10/01/2014." (Doc. #10 at 7). But, while the ALJ did not explicitly discuss this treatment record, she correctly noted that, at three more recent visits to his new primary care physician in 2015 and 2016, no complaints of back pain were documented. (Tr. 401-08). One would reasonably expect that if Edwards was suffering from disabling back pain, he would have reported it to his primary care physician. *See Tratar v. Comm'r of Soc. Sec.*, 2014 WL 4964373, at *7 (E.D. Mich. Aug. 13, 2014 (ALJ properly noted inconsistencies between allegations of severe pain at the hearing and the lack of complaints of such pain in the record). In summary,

8

then, although Edwards cites to a few medical records in support of his argument, he has failed to sustain his burden of showing that he requires a more restrictive physical RFC than that imposed by the ALJ. *See Hammer v. Comm'r of Soc. Sec.*, 2014 WL 1328190, at *2 (E.D. Mich. Mar. 31, 2014) ("Although another factfinder perhaps could have reviewed the record and reached a different conclusion as to [what] limitations [] should be incorporated into Plaintiff's RFC, it suffices that the determination made by the ALJ here is supported by substantial evidence in the record.").

With respect to Edwards' mental RFC, the ALJ gave "significant weight" to the opinion of the state agency consultant, Ashok Kaul, M.D., who opined that Edwards is "capable of low-stress simple, routine, 1-2 step unskilled tasks which involve not working with the general public or more than casual contact with supervisors and others." (Tr. 20, 86-92). Edwards does not challenge the weight assigned to this opinion; rather, he argues that the ALJ erred in evaluating certain other mental health evidence. Specifically, Edwards first asserts that "the ALJ does not even address, much less discount" the opinion of his treating psychiatrist, Keon Chang, M.D., "which states that claimant is 'poor for employment' and that he has at best fair performance on the simplest of things." (Doc. #10 at 6 (citing Tr. 355-56)). But Edwards is incorrect: the ALJ summarized Dr. Chang's opinion, specifically noting his statement that Edwards is "poor for employment," and explaining her reasons for giving that opinion "some weight but not great weight." (Tr. 19). Edwards does not challenge the weight assigned to this opinion, and any such challenges are waived. *See, e.g., Seiler v. Comm'r of Soc. Sec.*, 2018 WL 992062, at *5 (E.D. Mich. Feb. 1, 2018) (citing *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)).

In challenging the ALJ's mental RFC finding, Edwards also argues that the ALJ improperly discounted his allegations of disabling symptoms in part because of inconsistencies

9

between statements he made to the agency and to his treating physicians. (Doc. #10 at 6-7, 9). Specifically, Edwards takes issue with the ALJ's observation that, on multiple occasions, he told Dr. Chang he was "feeling good" or "doing good" or "doing real good" (Tr. 17-18 (citing Tr. 366, 367, 369, 371, 372, 377, 379, 381, 385)), claiming that "[w]hether [he] feels good at the particular doctor's appointment does not determine whether he is able to work in a full time sustained capacity" (Doc. #10 at 9). But, case law makes clear that it was appropriate for the ALJ to consider Edwards' statements in evaluating his allegations of disability. *See, e.g., Free v. Soc. Sec. Admin.*, 690 F. App'x 394, 395 (6th Cir. 2017) (upholding ALJ's RFC determination in part because claimant repeatedly told treating sources that he was doing well); *Mosed v. Comm'r of Soc. Sec.*, 2016 WL 6211288, at *7 (E.D. Mich. Jan. 22, 2016) (same). Moreover, the ALJ did not "determine" that Edwards was not disabled simply because the record contained the cited statements. Rather, as discussed herein, these statements were just one of many pieces of evidence the ALJ considered in deciding Edwards' case.

Similarly, Edwards challenges the ALJ's reliance on his inconsistent statements about the alleged debilitating side effects of his medications. (Doc. #10 at 6-7). For example, the ALJ contrasted Edwards' testimony that his medication makes him drowsy most of the day (Tr. 16 (citing Tr. 41, 46-47)) with the fact that he rarely raised such complaints with his treating sources, as well as repeated notations in his medical record that his medications were not causing any adverse reactions (Tr. 18 (citing Tr. 364, 366, 367, 369, 371, 372, 376, 377, 379, 381, 383, 385, 387)). Again, it was appropriate for the ALJ to consider these inconsistencies in evaluating Edwards' allegations of disabling mental limitations, and Edwards has not demonstrated any error. *See Hancock v. Comm'r of Soc. Sec.*, 2017 WL 2838237, at *5 (W.D. Mich. July 3, 2017) (ALJ properly declined to incorporate limitations for alleged medication side effects into RFC

where they were not supported by objective medical evidence) (citing cases).

### 3. The ALJ Was Not Required to Analyze Edwards' Claim Differently in Light of His Age

Lastly, Edwards raises one additional "argument" in his motion for summary judgment (an argument that, again, contains no citation to case law or other legal authority). Specifically, Edwards asserts:

> Additionally, the claimant is now of advanced age, he was 4 months shy of his 55th birthday when this opinion was rendered. The ALJ chose to not allow for a borderline age situation which would have changed the decision to disabled as even under the light category of work, claimant would be "disabled" at step 5.

(Doc. #10 at 8). Apparently, Edwards is referencing the applicable regulations, which provide as follows:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. §§ 404.1563(b), 416.963(b). Even with the relevant regulation squarely in mind, however, there is no error requiring remand. Here, the ALJ specifically acknowledged that, at the time of her decision, Edwards was approximately four months away from his 55th birthday. (Tr. 21). She then explained that she was declining to apply any legal rules that would apply once he turned 55 because his work history in non-isolated industries, coupled with his RFC for a wide range of light work and the steady improvement in his symptoms after getting sober, supported a conclusion that he can likely adjust to other work. (Tr. 21-22).

As a matter of law, an ALJ is not required to consider whether to apply an "older age category" even where the claimant is only *two* months away from entering that category. *See Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 398-400 (6th Cir. 2008). Here, then, the ALJ need

11

not have even *considered* whether to apply the age categories non-mechanically. She did so, however, and explained why she was declining to apply legal rules that would apply when Edwards turned 55. Edwards has not challenged the ALJ's reasoning in this respect, nor has he failed to identify any other error in this analysis. Thus, this argument too is without merit.

For all of the above reasons, and upon an independent review of the entire record, the Court concludes that the ALJ's decision is supported by substantial evidence.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #11**) be **GRANTED**, Edwards' Motion for Summary Judgment (**Doc. #10**) be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: June 19, 2018  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th

Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2018.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager